

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **BRANDON BECKHAM,** *Plaintiff,* vs. **Custody Ofc. BRADBURY** (first name unknown), *in his personal capacity,* **Custody Ofc. TORRES** (first name unknown), *in his personal capacity,* **Sgt. JOHN DOE** (un-named shift supervisor on Bradbury's shift), *in his personal capacity,* Indiana State Prison    *Defendants.* | No.: 3:22-cv-435  **FILED** **06/03/2022** U.S. DISTRICT COURT NORTHERN DISTRICT OF INDIANA Gary T. Bell, Clerk |

### PRISONER COMPLAINT PURSUANT TO 42 U.S.C. § 1983 AND JURY TRIAL DEMAND

Comes now Plaintiff, Brandon Beckham, *pro se*, to present the instant Civil Complaint, alleging the contained constitutional violations with a request for compensatory and declaratory relief. In addition, the Plaintiff sets forth grounds in demand for jury trial. Accordingly, the Plaintiff states the following facts in support of this complaint, to wit:

### I.  PARTIES

The names and addresses of each plaintiff and defendant are as follows:

A.  Plaintiff: **BRANDON BECKHAM**

Identification Number: **IDOC #150349**
Address: **Wabash Valley Correctional Facility, 6908 S. Old U.S. Hwy 41; P.O. Box 1111, Carlisle, IN 47838**

USDC IN/ND case 3:22-cv-00435-DRL-MGG document 2 filed 06/03/22 page 2 of 7
Prisoner Civil Complaint: 42 U.S.C. § 1983, and Demand for Jury Trial
Plaintiff, Brandon Beckham, *pro se*

B. Defendants:[1]

Name: **IDOC CUSTODY OFFICER, BRADBURY** (first name unknown)
Title: **Custody Staff, Indiana State Prison**
Address: **1 Park Row Street, Michigan City, Indiana 46360**

Name: **IDOC CUSTODY OFFICER, TORRES** (first name unknown)
Title: **Custody Staff, Indiana State Prison**
Address: **1 Park Row Street, Michigan City, Indiana 46360**

Name: **IDOC CUSTODY SERGEANT, JOHN DOE**
(defendant's identify is unknown, but defendant was the shift supervisor for Officer Bradbury's bracket in SCU)
Title: **Custody Staff, Sergeant, Indiana State Prison**
Address: **1 Park Row Street, Michigan City, Indiana 46360**

## II. STATEMENT OF JURISDICTION

Jurisdiction in this case is authorized pursuant to the Constitution of the United States of America, and Title 42 U.S.C. Section 1983, to redress the alleged violations of those rights secured by said constitution as deprived by defendant, named herein, who was acting under the color of State law, and/or in accordance with the policies and procedures of the Indiana Department of Correction. This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

The United States District Court for the Northern District of Indiana is the appropriate venue for trial pursuant to 28 U.S.C. § 1391(b)(2) as all events of this case took place at the Indiana State Prison for the Indiana Dep't of Correction which is located in the Northern District.

---

[1] The Plaintiff advises that there may be other Defendants that he was unable to identify during his initial fact-finding investigation following his assault. To the extent that the named defendants, and any other potential defendants, are further identified the Plaintiff reserves the right to amend this complaint in accordance with Rule 15(a) and/or 16(b) of the Federal Rules of Civil Procedure, and any Pre-trial Scheduling Order issued by this Court.

2

USDC IN/ND case 3:22-cv-00435-DRL-MGG document 2 filed 06/03/22 page 3 of 7
Prisoner Civil Complaint: 42 U.S.C. § 1983, and Demand for Jury Trial
Plaintiff, Brandon Beckham, *pro se*

## III. CAUSES OF ACTION

### Legal Standard for Claims

To prove a defendant violated the Eighth Amendment, by not protecting somebody from inmate assault, a Plaintiff must demonstrate that the Defendants acted with "deliberate indifference" or "reckless disregard" for safety by failing to "act reasonably" in the presence of danger. *Farmer v. Brennan*, 511 U.S. 825, 828, 834-47 (1994); *Goka v. Bobbitt*, 862 F.2d 646, 651 (7th Cir. 1988). The Defendants' actions, however, must constitute more than merely "poor judgment" to run afoul of the Eighth Amendment. *See, Lewis v. Richards*, 107 F.3d 549, 554 (7th Cir. 1997).

Therefore, a Plaintiff must show that there was an obvious "risk" which any reasonably minded person would have acknowledged, and that the Defendants willfully or recklessly ignored that substantial risk to the detriment of the Plaintiff's safety. *Velea v. Johnson*, 395 F.3d 732, 736 (7th Cir. 2005); *Mayoral v. Sheahan*, 245 F.3d 934, 940 (7th Cir. 2000). Accordingly, where a blatant and substantial risk occurs, prison officers cannot "ignore" notices of harm, nor may they plead ignorance in order to escape liability under the Eighth Amendment. *Velea*, 395 F.3d at 736. Furthermore, "qualified immunity attaches [only] when an official's conduct *does not violate clearly established statutory or constitutional rights* of which a reasonable person would have known." *White v. Pauly*, 137 S. Ct. 548, 551 (2017). To that end, clearly established federal law provides that prisoners are entitled to safety in their property and person, and are to be protected from unnecessary risk or threat from their conditions of confinement. *Farmer*, supra.

**Ground 1:** The Plaintiff's Eighth Amendment rights were violated where the Defendant, Ofc. Bradbury failed to protect the plaintiff from assault by another inmate, which presented a substantial and known risk, and where said failure to protect was induced by malicious and

3

USDC IN/ND case 3:22-cv-00435-DRL-MGG document 2 filed 06/03/22 page 4 of 7
Prisoner Civil Complaint: 42 U.S.C. § 1983, and Demand for Jury Trial
Plaintiff, Brandon Beckham, *pro se*

sadistic intent solely to seek retaliation against the Plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). *See, e.g., Sinn v. Lemmon*, 911 F.3d 412 (7th Cir. 2018); *LaBrec v. Walker*, 948 F.3d 836 (7th Cir. 2020).

**Ground 2:** The Plaintiff's Eighth Amendment rights were further violated when the Defendants, Ofc. Torres; and Sgt. Doe failed to take reasonable steps to ensure that inmate traffic in the SCU was controlled in accordance with IDOC policy, and/or where said Defendants were complicit in allowing the Plaintiff to be assaulted, and/or where said Defendants failed to act when said assault occurred – but acted with malicious and sadistic intent. *Farmer*, 511 U.S. at 832. *See, e.g., Goka v. Bobbitt*, 862 F.2d 646 (7th Cir. 1988); *Velea v. Johnson*, 395 F.3d 732, 736 (7th Cir. 2005).

## IV. STATEMENT OF FACTS

1. At all times relevant to this action, Plaintiff, Brandon Beckham ("Beckham") was incarcerated in the Indiana Dep't of Correction ("IDOC"), and – relevant to the specific allegations asserted hereafter – was housed at the Indiana State Prison, in Michigan City, Indiana.

2. At all times relevant to the facts surrounding the alleged constitutional violations asserted below, Beckham was housed in the Restricted Housing in D-Cell House ("DCH"), which is a restricted housing unit in accordance with IDOC policy #02-01-111, and he was subjugated under the care, custody, and control of the Defendants.

3. At all times relevant to this complaint, the Defendants, Custody Officer Bradbury ("Bradbury"); Custody Officer Torres ("Torres"); Shift Supervisor, Sergeant JOHN DOE ("Sgt. Doe), were employed by the Indiana Dep't of Correction and acting under the color of State law while during the alleged constitutional violations asserted below.

4

USDC IN/ND case 3:22-cv-00435-DRL-MGG document 2 filed 06/03/22 page 5 of 7
Prisoner Civil Complaint: 42 U.S.C. § 1983, and Demand for Jury Trial
Plaintiff, Brandon Beckham, *pro se*

4. On or about June 17th 2020, at approximately 4:22 in the morning, Beckham was being escorted by Defendant Bradbury, while in restraints, to the shower. Bradbury was floor officer apparently in charge of inmate movement.

5. This position would have been delegated to him by his Shift Supervisor, Defendant, Sgt. Doe. Sgt. Doe would have been aware of policy regarding Restricted Housing movement of inmates and the requirements of inmate controls. Furthermore, Sgt. Doe would have known, or had occasion to know, that an open door to another inmate's cell – during a separate inmate's shower movement, while in restraints – would have created a substantial and obvious safety risk to the restrained inmate (*i.e.*, Beckham). All Defendants would have been so aware.

6. During Beckham's movement in the SCU, as a restricted housing unit, no other inmates (*i.e.*, "incarcerated individuals") are to be out.

7. While Defendant Bradbury was escorting Beckham to the shower, it was observed by Beckham that another inmate's cell door (Elliot Carter's) was ajar.

8. It was at this point when Bradbury and Beckham were moving in the proximity of inmate, Elliot Carter's ("Carter") cell that Carter came out and moved aggressively toward Beckham. It is important to mention that Bradbury is the only person who could have unlocked, or left unlocked, Carter's door prior to the altercation.

9. Carter began attacking Beckham with what Beckham believe to be a sharp instrument specifically designed for puncturing flesh and inflicting stab wounds. Carter stabbed Beckham multiple times about the head, face, shoulders, and back causing deep puncture wounds.

10. Defendant Torres is believed to have been present during this altercation. However, neither Bradbury, nor Torres, made any reasonable effort to protect Beckham from Carter's assault. It must be noted that IDOC policy provides that an inmate being escorted, shall be in restraints and escorted by at least two custody officers (of which Torres was one).

USDC IN/ND case 3:22-cv-00435-DRL-MGG   document 2   filed 06/03/22   page 6 of 7
Prisoner Civil Complaint: 42 U.S.C. § 1983, and Demand for Jury Trial
Plaintiff, Brandon Beckham, *pro se*

11. It is believed by Beckham that Carter was ultimately subdued, however, he is unaware of the events immediately following the assault. Beckham advises that he was placed on a gurney and that a Signal 3000 (IDOC medical code) called over the radio. The Signal 3000 was called at 4:28 a.m., and facility medical staff responded.

12. Facility medical staff would note that they personally witnessed "copious" amounts of blood – such that they were unable to fully ascertain the extent of Beckham's injuries.

13. Beckham was transported by ambulance to an off-site emergency room where it was discerned that he had sustained multiple stab and puncture wounds to his forehead, scalp, neck and back. Beckham received sutures and staples to close his wounds, and CT scans were conducted on his head, spine, abdomen, and pelvis with no remarkable results. The emergency room noted that Beckham had sustained a "significant" scalp laceration and head injury.

14. As a result of these injuries, Beckham continues to suffer phantom nerve sensations, residual numbness, transient nerve pain, deep-tissue pain, and headaches. In addition, the assault has caused substantial mental deterioration as Beckham suffers from post-traumatic stress syndrome, with hyper-vigilance, nightmare, cold-sweats, and depression.

## V. ADMINISTRATIVE REMEDIES

Beckham acknowledges that the assertion that a Plaintiff, such as he, has failed to exhaust his administrative remedies is an affirmative defense to be argued by the Defendants. Nevertheless, Beckham asserts that he was denied his right to properly grieve this issue where prison personnel deprived him of requested grievances and/or never responded to grievances, and failed to follow IDOC policy with regard to the offender grievance process. To the extent that any administrative remedy was available to Beckham, he asserts that it was made unavailable by the machinations, misrepresentations, and hindrances of prison personnel.

## VI. RELIEF

Based on the forgoing, Plaintiff seeks the following damages and injunction relief pursuant to this action, to wit:

Compensatory Damages: no less than $25,000.00 from each defendant; and

Punitive Damages: no less than $10,000.00 from each defendant, for a total collective amount of $105,000.00.

*[signature]*
Brandon Beckham, Plaintiff, *pro se*

## AFFIRMATION AND VERIFICATION

I, the undersigned, do hereby affirm, under the penalties of perjury, that I have read all of the statements contained in this complaint and that I believe them to be true and correct to the best of my personal knowledge and belief.

Signed this 3rd day of June, 2022.

*[signature]*
Plaintiff

## CERTIFICATE OF SERVICE

The undersigned affirms that he has placed the foregoing into the hands of his facility's law library staff to be electronically filed, using Indiana's Prion E-filing System, on this 3rd day of June, 2022, and that the same was distributed to all parties in accordance with the Federal Rules of Civil Procedure.

*[signature]*
Brandon Beckham, DOC# 150349
Plaintiff, *pro se*
Wabash Valley Correction Facility
6908 S. Old U.S. Hwy 41, P.O. Box 1111
Carlisle, IN 47838-1111