UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON BECKHAM,

Plaintiff,

v.

BRADBURY *et al.*,

Defendants.

CAUSE NO. 3:22-CV-435-DRL-MGG

OPINION AND ORDER

Brandon Beckham, a prisoner without a lawyer, filed a complaint. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On June 17, 2020, Custody Officer Bradbury and Custody Officer Torres were escorting Mr. Beckham to the shower. Mr. Beckham was housed in a restricted housing unit, and he was being transported while in restraints. According to the prison's policy, no other inmates should have been out while Mr. Beckham was being escorted to the shower. Another inmate's cell door was ajar. Mr. Beckham asserts that Officer Bradbury is the only person who could have unlocked the door or left it unlocked. The innate exited

his cell and attacked Mr. Beckham, stabling him multiple times. Mr. Beckham claims that neither Officer Torres nor Officer Bradbury made any reasonable efforts to protect him from the inmate, although he does not offer any further details. A signal was called, and while Mr. Beckham does not know what happened immediately after the attack, he believes his assailant was subdued. Mr. Beckham sustained serious injuries requiring outside medical care.

Mr. Beckham has sued Officer Bradbury and Officer Torres for failing to protect him. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008).

Here, it cannot be plausibly inferred that either Officer Bradbury and Officer Torres knew the door was ajar or that the inmate in that cell posed a substantial risk of harm to Mr. Beckham. At most, the complaint describes negligence. Negligence generally states no claim upon which relief can be granted in a 42 U.S.C. § 1983 action. *See Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976) (negligence does not constitute deliberate indifference); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment.").

Mr. Beckham has also sued Officer Bradbury and Officer Torres for failure to protect him once the attack was underway. Once an offender is under an attack, an officer cannot just stand by and do nothing. *See Schillinger v. Kiley*, 954 F.3d 990, 994-95 (7th Cir. 2020); *see also Borello v. Allison*, 446 F.3d 742, 748-49 (7th Cir. 2006) (noting Eighth Amendment violation can occur where prison official "did not respond to actual violence between inmates"). On the other hand, "correctional officers who are present during a violent altercation between prisoners are not deliberately indifferent if they intervene with a due regard for their safety[.]" *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011) (quotation marks omitted). Here, Mr. Beckham says the defendants didn't make reasonable efforts to protect him, but he concedes that a signal was called and the assailant was subdued. His complaint doesn't include facts from which it can be plausibly inferred that Officer Bradbury or Officer Torres were deliberately indifferent to his safety.

Mr. Beckham has also sued Officer Torres and Sgt. John Doe for failing to ensure that inmate traffic in the SHU was controlled in accordance with the prison's policies. A violation of a prison's policy does not amount to a constitutional violation. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Furthermore, Mr. Taylor cannot proceed against an

unnamed defendant. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.").

This complaint does not state a claim for which relief can be granted. If Mr. Beckham believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form[1] which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Brandon Beckham until **September 9, 2022**, to file an amended complaint; and

(2) CAUTIONS Brandon Beckham that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

[1] Pursuant to N.D. Ind. L.R. 7-6, the court requires the use of the **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form.

SO ORDERED.

August 8, 2022                                          *s/ Damon R. Leichty*
                                                       Judge, United States District Court