UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON BECKHAM,

        Plaintiff,

    v.                                  CAUSE NO. 3:22-CV-435-DRL-MGG

BRADBURY *et al.*,

        Defendants.

## OPINION AND ORDER

Brandon Beckham, a prisoner without a lawyer, filed an amended complaint. ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Beckham's amended complaint alleges essentially the same facts as his original complaint. ECF 2; ECF 10. On June 16, 2020, Mr. Beckham was housed in a restrictive housing unit at Indiana State Prison. He attempted to stab another inmate, Elliot Carter, through his cell bars while Mr. Carter was cleaning the cell block range. Mr. Carter alerted both Custody Officer Bradbury and Custody Officer Torres. Furthermore, Mr. Beckham believes Officer Bradbury witnessed the incident. According to IDOC

policy, the officers should have directed that Mr. Beckham and Mr. Carter be housed apart from one another, and a report of conduct should have been filed against Mr. Beckham.

The next day, Officer Bradbury escorted Mr. Beckham to the shower while in restraints. According to the prison's policy, a second officers should have been present and no other inmates should have been out while Mr. Beckham was being escorted to the shower. Elliot Carter's cell door was unsecured, and he exited his cell and attacked Mr. Beckham, stabling him multiple times. Mr. Beckham asserts that Officer Bradbury and Officer Torres knew of the earlier confrontation between Mr. Beckham and Mr. Carter and failed to manually secure Mr. Carter's cell door prior to removing Mr. Beckham from his cell.

When the attack on Mr. Beckham began, only Officer Bradbury was present, and he ran away, leaving Mr. Beckham unable to defend himself against Mr. Carter. Mr. Beckham claims that Officer Bradbury failed to immediately call a signal or use force against Mr. Carter. A signal was called approximately two minutes after the attack began. Four minutes after the attack began, Officer Bradbury and Officer Torres arrived. While Mr. Beckham does not know what happened immediately after the attack, he believes his assailant was subdued. A signal was called for medical assistance shortly after Officer Bradbury and Officer Torres arrived. Mr. Beckham sustained serious injuries requiring outside medical care.

Mr. Beckham has sued Officer Bradbury and Officer Torres for failing to protect him. The Eighth Amendment imposes a duty on prison officials "to take reasonable

measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008).

Here, it cannot be plausibly inferred that Officer Bradbury and Officer Torres knew that Mr. Carter posed a substantial risk of harm to Mr. Beckham merely because they knew of the incident that occurred the day before. However, even if Officer Bradbury and Officer Torres knew that Mr. Carter posed a substantial risk of harm to Mr. Beckham, it cannot be plausibly inferred that either Officer Bradbury or Officer Torres knew the door to Mr. Carter's cell was not secured. At most, the complaint describes negligence, and negligence generally states no claim upon which relief can be granted in a 42 U.S.C. § 1983 action.[1] *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (negligence does

---

[1] Mr. Beckham suggests that Officer Bradbury, Officer Torres, and an unknown sergeant were each deliberately indifferent to his safety when they violated prison policies requiring that he be kept separate from Mr. Carter, that a report of conduct be issued against Mr. Beckham following the incident with Mr. Carter, and that Mr. Beckham be escorted by two officers. As explained in the court's previous screening order (ECF 7), policy violations do not amount to constitutional violations. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case,

not constitute deliberate indifference); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment.").

Mr. Beckham has also sued Officer Bradbury and Officer Torres for failure to protect him once the attack was underway. Once an offender is under an attack, an officer cannot just stand by and do nothing. *See Schillinger v. Kiley*, 954 F.3d 990, 994-95 (7th Cir. 2020); *see also Borello v. Allison*, 446 F.3d 742, 748-49 (7th Cir. 2006) (noting Eighth Amendment violation can occur where prison official "did not respond to actual violence between inmates"). On the other hand, "correctional officers who are present during a violent altercation between prisoners are not deliberately indifferent if they intervene with a due regard for their safety[.]" *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011) (quotation marks omitted). Here, Mr. Beckham says the defendants did not make reasonable efforts to protect him, but he concedes that Officer Torres was not present when the attack began, a signal was called approximately three minutes after Officer Bradbury arrived at Mr. Beckham's cell, he believes the assailant was subdued, and a signal for medical care was called just a few minutes after the initial signal was called. It is easy to look back at what occurred and imagine how the attack could have been prevented, but deliberate indifference requires more. The amended complaint does not

---

departmental regulations and police practices."). Furthermore, neither the original complaint nor the amended complaint describes any personal involvement on the part of the unknown sergeant. *See Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's.").

4

include facts from which it can be plausibly inferred that Officer Bradbury or Officer Torres were deliberately indifferent to Mr. Beckham's safety.

Neither Mr. Beckham's original complaint nor his amended complaint state a claim. No further opportunity to amend would be appropriate. For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

January 3, 2023                                   *s/ Damon R. Leichty*
                                                  Judge, United States District Court